TROUTMAN SANDERS LLP
Kevin F. Kieffer, Bar No. 192193
kevin.kieffer@troutmansanders.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendant
*Dominion Advertising, LLC*



FILED
CLERK, U.S. DISTRICT COURT

MAR 1 9 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI SERVICES, INC., doing business as Yellow Pages Direct, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINION ADVERTISING, LLC, a Virginia limited liability company; and DOES 1 through 15, inclusive,<br><br>Defendants. | Case No. **SACV10-00341 JVS MLGx**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Dominion Advertising, LLC ("Dominion") hereby removes to this Court the state court action described below. Dominion states the following in support of its Notice of Removal.

1.      Plaintiffs AMI Services, Inc. ("AMI") brought suit against Dominion the Superior Court of the State of California for the County of Orange on or about February 18, 2010 in the matter entitled <u>AMI Services, Inc. v. Dominion Advertising, LLC, et al.</u>, Orange County Superior Court Case No. 30-2010

1034214v2

- 1 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    00345605 (the "<u>AMI Services</u> Action").  A copy of the Orange County Superior

2    Court file in the <u>AMI Services</u> Action is attached as Exhibit A.  It includes copies

3    of all process, pleadings and orders served upon Dominion in this action.

4        2.    The <u>AMI Services</u> Action is a civil action in which this Court has

5    original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this

6    Court by Dominion under the provisions of 28 U.S.C. § 1441(b).

7        3.    This notice of removal of a civil action to the United States District

8    Court for the Central District of California is filed within thirty (30) days after a

9    defendant was served with a copy of the Summons and Complaint.  Defendant

10   Dominion was served with the Summons and Complaint on February 19, 2010.

11   This Notice of Removal is being filed on March 19, 2010.

12       4.    Although fictitious "Doe" defendants are listed on the Complaint, no

13   other defendants (other than Dominion) have been properly named or served with

14   the Complaint.

15                              **<u>Diversity of Citizenship</u>**

16       5.    This civil action is between citizens of different states.

17       6.    AMI is, and was at the time of the filing of this action and notice of

18   removal, a California corporation with its principal place of business in California

19   and a citizen of the States of California within the meaning of 28 U.S.C. §

20   1332(c)(1).

21       7.    Dominion is, and was at the time of the filing of this action and notice

22   of removal, a Virginia limited liability company with its principal place of business

23   in Virginia and a citizen of the State of Virginia within the meaning of 28 U.S.C. §

24   1332(c)(1).

25       8.    The Complaint alleges that AMI is a California Corporation and that

26   Dominion is a Virginia limited liability company.  Complaint at ¶¶ 1-2.

27       9.    28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action

28   brought in a State court of which the district courts of the United States have

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   original jurisdiction, may be removed by the defendant . . . to the district court of
2   the United States for the district and division embracing the place where such action
3   is pending." Orange County, California is within this district and division.

4                              **Amount in Controversy**

5        10.    The amount in controversy in this matter exceeds the sum of $75,000,
6   exclusive of interest and costs. AMI seeks a variety of damages from Dominion.
7   See Complaint at ¶¶ 15, 16, 19, 20-22. AMI alleges that "[a]s a result of Defndant
8   DOMINION's breach of the 2009 Agreement and the subsequent agreement
9   regarding the negotiated transfer fee, Plaintiff AMI has suffered damages in an
10  amount in excess of $805,806.84." Complaint at ¶ 22. According to AMI, this sum
11  includes "Defendant DOMINION's outstanding balance of $599,364.51, lost
12  commissions to Plaintiff AMI of at least $134,580.53, lost bonuses earning to
13  Plaintiff AMI of at least $24,375.00, and the 1.5% transfer fee of at least
14  $47,486.80." Complaint at ¶22.

15       11.    In addition to damages for breach of contract (and common count),
16  AMI also alleges that AMI is entitled to attorneys' fees and costs. Complaint at
17  ¶27.

18       12.    Based on the above facts, it is apparent that the amount in controversy
19  exceeds $75,000.

20       13.    28 U.S.C. § 1332(a) provides, in relevant part, that "[t]he district
21  courts shall have original jurisdiction of all civil actions where the matter in
22  controversy exceeds the sum or value of $75,000, exclusive of interest and costs,
23  and is between: (1) citizens of different States . . . ."

24       14.    Consequently, this Court has original jurisdiction over this matter
25  pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum of
26  $75,000, exclusive of interest and costs, and is between citizens of different states.

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1

## Written Notice of Removal

2    15.    Written notice of the filing of this Notice of Removal is being served

3  on counsel for Plaintiffs on March 19, 2010, and a copy of this Notice of Removal

4  is being filed with the Clerk of the Superior Court of California, in and for the

5  County of Orange.

6

## Joinder of All Defendants

7    16.    Dominion is the only defendant named in the Complaint (other than

8  fictitious "Doe" defendants).  No other defendant has been properly named or

9  served with the Complaint.

10    17.    This notice is being filed without prejudice to the objections and

11  defenses of Dominion.

12

13    WHEREFORE, Defendant Dominion Advertising, LLC respectfully requests

14  removal of this case to the United States District Court for the Central District of

15  California.

16  Dated:  March 19, 2010

Respectfully submitted,

17                                              TROUTMAN SANDERS LLP

18

19                                              By:

20                                                   Kevin F. Kieffer

21                                              Attorneys for Defendant
                                                *Dominion Advertising, LLC*

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** DOMINION ADVERTISING, LLC, a
*(AVISO AL DEMANDADO):* Virginia limited liability
company; and DOES 1 through 15, inclusive

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 18 2010

ALAN CARLSON, Clerk of the Court

BY: __L YU__, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMI SERVICES, INC., doing business as Yellow Pages
Direct, a California corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
00345605

JUDGE GREGORY MUNOZ
DEPT. C13

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen E. Blaine, Esq.  (SBN 93529)          (714) 241-4444   (714) 241-4445
Callahan & Blaine, APLC
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707

DATE: FEB 18 2010          ALAN CARLSON, Clerk, by    IMELDA YU    , Deputy
*(Fecha)*                  *(Secretario)*                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Dominion Advertising, LLC, a Virginia limited liability company
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other (specify): limited liability company
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephen E. Blaine, Esq. (SBN 93529)<br>David J. Darnell, Esq. (210166)<br>Callahan & Blaine, APLC<br>3 Hutton Centre Drive, Ninth Floor<br>Santa Ana, CA 92707<br>  TELEPHONE NO.: (714) 241-4444  FAX NO.: (714) 241-4445<br>ATTORNEY FOR *(Name):* Plaintiff: AMI SERVICES, INC. | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>FEB 18 2010<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY _____ , DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME: AMI Services, Inc. v. Dominion Advertising

30-2010

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 00345605 |
| | | | JUDGE | JUDGE GREGORY MUNOZ<br>DEPT. C13 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 18, 2010
Stephen E. Blaine, Esq. (SBN 93529)
  *(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal
Solutions
Plus

Ex. A, Page 6

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:                          Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*:                  Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☒ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

and defendant(s)/respondent(s), _____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
  ☐ Under section 1141.11 of the Code of Civil Procedure
  ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

☐ Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐ Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____      _____      _____
                       (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____      _____
                       (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev February, 2008)                                California Rules of Court, rule 3.221

Ex. A, Page 7

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
### CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C19 | MARGINES 657-622-5219 | Wednesday 1:30 p.m. NOTE: Due to Court Closure on the third Wednesday of the month, Motions are heard on Thursday at 1:30 p.m. | Daily 1:30 p.m. | 10:00 a.m. | 10:30 a.m. | No | Notice must be given to opposing party by 10:00 a.m. day before ex parte hearing. |
| C21 | MCEACHEN 657-622-5221 | Tuesday 1:30 p.m. | M, T, W, Th 9:00 a.m. | 12:00 p.m. | 3:00 p.m. | yes | |
| C14 | MILLER 657-622-5214 | Tuesday 1:30 p.m. | T, W, Th, F 8:30 a.m. | 9:00 a.m. | 4:00 p.m. if day prior to the Ex Parte hearing is Monday- Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes - noon day of hearing | If Monday is a holiday, law and motion is heard on Thursday at 1:30 p.m. NOTE: for L&M, Dept. C14 requires parties call the dept. to check availability of a motion date prior to filing their motion by calling (657) 622-5214. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 622-5214 to reserve a date no later than noon, the day prior to the hearing. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7864 or (888) 88-COURT |
| C12 | MOBERLY 657-622-5212 | Friday 1:30 p.m. | M, T, W, Th, 1:30 p.m. | Noon | 3:00 p.m. | Yes - 4:30 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 622-5212 to reserve a date no later than noon, the day prior to the hearing. |

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C16 | MONROE 657-622-5216 | Tuesday 2:00 p.m. | T,W, Th 8:30 a.m. | Noon | 4:00 p.m. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes - by 4:00 p.m. the day before | If Monday is a holiday, law and motion is heard on Thursday at 2:00 p.m. |
| C23 | MOSS 657-622-5223 | Friday 10:00 a.m. | Daily 8:30 a.m. | Not required | 12:00 p.m. | Yes - by 4:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7864 or (888) 88-COURT |
| C13 | MUÑOZ 657-622-5213 | Thursday 2:00 pm | M, T, W, Th 8:30 a.m. | 10:00 a.m. | Noon | Yes - by 4:00 p.m. the day before | |
| C64 | MYERS 657-622-5264 | Thursday Unlimited/ Omni 1:30 p.m. Limited 2:30 p.m. | M, T, W, Th 1:30 p.m. Fri 11:00 a.m. emergency only | 4:00 p.m. if day prior to the hearing is Monday-Thursday; 3:00 P.M. if day prior to the hearing is Friday. | M, T, W, Th, 10:00 a.m. day of ex parte; Friday 9:00 a.m. day of ex parte | No | |
| C4 | NAKAMURA 657-622-5204 | Thursday 2:00 p.m. | M, T, W, Th 1:30 p.m. | 24 hours, the day before the hearing | M, T, W, Th, 10:00 a.m. day of ex parte | Yes – by 4:00 p.m. the day before | Counsel must reserve a motion date with the courtroom, prior to setting the motion. |
| C32 | PERK 657-622-5232 | Friday 11:00 a.m. | M, T, W, Th 9:00 a.m. | Noon. | 10:00 a.m. the day of hearing | Yes - by 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7864 or (888) 88-COURT. If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |

1    **CALLAHAN & BLAINE, APLC**
     Daniel J. Callahan (Bar No. 91490)
2    Stephen E. Blaine (Bar No. 93529)
     David J. Darnell (Bar No. 210166)
3    3 Hutton Centre Drive, Ninth Floor
     Santa Ana, California 92707
4    (714) 241-4444
     (714) 241-4445 Fax
5
     Attorneys for Plaintiff AMI SERVICES, INC.
6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**FEB 18 2010**

ALAN CARLSON, Clerk of the Court

BY _____ I. YU _____ DEPUTY

7

8

9                  **SUPERIOR COURT OF CALIFORNIA**

10          **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| 11  AMI SERVICES, INC., doing business as <br> Yellow Pages Direct, a California corporation, | CASE NO.  **0 0 3 4 5 6 0 5** |
| 12 | 30-2010 |
| 13         Plaintiff, | Assigned For All Purposes To: <br> Honorable  **JUDGE GREGORY MUNOZ** <br> Department:  **DEPT. C13** |
| 14     v. | |
| 15  DOMINION ADVERTISING, LLC, a Virginia <br> limited liability company; and DOES 1 through <br> 15, inclusive, | **COMPLAINT FOR:** |
| 16 | 1.    **BREACH OF CONTRACT; AND** <br> 2.    **COMMON COUNT** |
| 17         Defendants. | Unlimited Jurisdiction |
| 18 | **DEMAND FOR JURY TRIAL** |

19

20    Plaintiff AMI SERVICES, INC. doing business as Yellow Pages Direct hereby complains and alleges

21    as follows:

22

23                  **INTRODUCTORY ALLEGATIONS**

24         1.    Plaintiff AMI SERVICES, INC. doing business as Yellow Pages Direct (hereinafter

25    "Plaintiff AMI") is and at all times herein mentioned was a California corporation conducting business

26    in the City of Huntington Beach, Orange County, California.

27         2.    Defendant DOMINION ADVERTISING, LLC (hereinafter "Defendant DOMINION")

28    is a Virginia limited liability company that has entered into contracts and done business in the City of

COMPLAINT

1  Huntington Beach, Orange County, California, and elsewhere.

2      3.    Defendants DOES 1 through 15, inclusive, are sued herein under fictitious names.

3  Their true names and capacities are unknown to Plaintiff AMI. When their true names and capacities

4  are ascertained, Plaintiff AMI will amend this Complaint by inserting their true names and capacities

5  herein. Plaintiff AMI is informed and believes and thereon alleges that each of the fictitiously named

6  Defendants is indebted to Plaintiff AMI on the obligation hereinafter described.

7      4.    Plaintiff AMI is further informed and believes, and based thereon alleges that

8  Defendants committed other wrongful acts or omissions of which Plaintiff AMI is presently unaware.

9  Such acts are ongoing and will continue after the filing of this action. Plaintiff AMI will therefore seek

10  leave of Court to Amend this Complaint when Plaintiff AMI discovers these other acts and/or

11  omissions of the Defendants.

12      5.    Plaintiff AMI is further informed and believes, and based thereon alleges that at all

13  times relevant hereto, there existed a unity of interest and ownership between the DOE Defendants and

14  Defendant DOMINION such that any individuality and separateness between them did not exist.

15  Plaintiff AMI is further informed and believes, and based thereon alleges that each of the DOE

16  Defendants controlled, dominated, managed and operated Defendant DOMINION and commingled

17  personal assets and business assets to suit their convenience. In other words, Defendant DOMINION

18  was a mere shell, instrumentality, conduit, or skeletal framework used by the DOE Defendants for

19  personal purposes and the DOE Defendants are the alter egos of Defendant DOMINION. As a result,

20  fraud and injustice would only be promoted by adherence to the fiction of the existence of the DOE

21  Defendants as a separate party from Defendant DOMINION and therefore the DOE Defendants, and

22  each of them, should not be able to evade justice by asserting the corporate veil or separateness from

23  Defendant DOMINION.

24      6.    Plaintiff AMI submits that jurisdiction and venue is proper in this Court. The amount

25  in controversy exceeds the minimum jurisdictional amount and the relationships, agreements and

26  conduct upon which these causes of action are based were entered into and performed or to be

27  performed in Orange County, California. Defendant DOMINION thus had significant minimum

28  contacts with the State of California - it entered into a contract with a local California company and

COMPLAINT

1   conducted business activities in Orange County, California. Additionally, most if not all of the

2   evidence and witnesses with knowledge of facts relevant to this action are located in Orange County,

3   California. Plaintiff AMI is also informed and believes and on that basis alleges that Defendant

4   DOMINION employs a California resident as its "Director of Client Services" and that this local

5   employee works out of Defendant DOMINION's satellite office in Orange County, California.

6   Furthermore, both the 2006 agreement and the 2009 agreement between Plaintiff AMI and Defendant

7   DOMINION expressly state: "This Agreement shall be construed and governed under the laws of the

8   State of California. This Agreement is made and entered into and is to be performed in Huntington

9   Beach, California; any litigation arising from or related to this Agreement shall be maintained

10  exclusively in the County of Orange, California."

11

12                              **FACTUAL ALLEGATIONS**

13          7.      Plaintiff AMI is in the business of developing marketing strategies and placing regional

14  and national advertising with the Yellow Pages Association, an organization of publishers, marketers

15  and suppliers responsible for producing yellow pages directories. As a Certified Marketing

16  Representative for the Yellow Pages Association, Plaintiff is a certified member of a select group of

17  marketing companies that is approved to place advertising with yellow pages publishers.

18                              *The 2006 Agreement*

19          8.      On or about July 1, 2006, Plaintiff AMI and Defendant DOMINION entered into a

20  written agreement (the "2006 Agreement") whereby Defendant DOMINION agreed to pay Plaintiff

21  AMI to place advertisements for Defendant DOMINION's clients in various yellow pages directories.

22  In addition, as an incentive for Defendant DOMINION to place advertisements with Plaintiff AMI, the

23  parties also entered into an "Incentive Addendum" whereby Plaintiff AMI agreed to share its

24  commissions for advertisements from Defendant DOMINION at a rate of 65% for Defendant

25  DOMINION's existing customers and 70% for Defendant DOMINION's new customers, as defined by

26  the addendum, and also agreed to a 50/50 split of bonus earnings attributed to Defendant

27  DOMINION's billings.

28          9.      From July 2006 through approximately May 2009, the parties performed as required

-3-

1 | under the 2006 Agreement.

2 | *The 2009 Agreement:*

3 | 10. On or about June 1, 2009, Plaintiff AMI and Defendant DOMINION ADVERTISING,

4 | LLC entered into a new written agreement (the "2009 Agreement") which modified the percentages of

5 | their commission and bonus sharing structure such that after June 1, 2009, Defendant DOMINION

6 | would receive 70% of the commission earned for its existing customers and 65% for its new customers

7 | and the bonus earnings attributed to Defendant DOMINION's billings would be split with 67.5% to

8 | Defendant DOMINION and 32.5% to Plaintiff AMI.

9 | 11. Under the 2009 Agreement, Defendant DOMINION accepted "full responsibility for

10 | payment of all authorized advertising as billed under the terms outlines in this agreement," which was

11 | defined to include the amount of all advertising charges plus any publisher extension or proration less

12 | commissions. Defendant DOMINION further agreed to pay all such invoices within ten (10) days of

13 | proof of publication and that late charges of interest at the rate of 1.5% per month would accrue 30

14 | days thereafter.

15 | 12. The 2009 Agreement also made Plaintiff AMI the exclusive provider of Defendant

16 | DOMINION's national yellow pages service orders for the duration of the one-year term of the 2009

17 | Agreement, which ran through May 31, 2010.

18 | 13. In accordance with the terms of the 2009 Agreement, Plaintiff AMI placed

19 | advertisements for clients of Defendant DOMINION in various yellow pages directories and did all

20 | things reasonable and necessary in connection therewith. For this same period, Plaintiff AMI also

21 | issued credits to Defendant DOMINION for its share of commissions and bonus earnings as required

22 | by the 2009 Agreement.

23 | 14. Nevertheless, Defendant DOMINION has an outstanding balance owed to Plaintiff

24 | AMI of $599,364.51, which is the amount Defendant DOMINION agreed to pay under the 2009

25 | Agreement (i.e., the amount of the advertising charges plus any publisher extension or proration less

26 | commissions). Despite repeated demands for payment, Defendant DOMINION has refused to pay this

27 | outstanding balance.

28 | 15. Additionally, in or about August 2009, Defendant DOMINION purported to cancel its

4

COMPLAINT

1  exclusive agreement with Plaintiff AMI and move its business elsewhere effective September 1, 2009.
2  The 2009 Agreement, however, provides for an exclusive term through May 31, 2010 and states that
3  "this Agreement cannot be cancelled except for a material breach of the terms and conditions herein
4  after the non-performing party has been served written notice and fails to correct said non-performance
5  within 10 days of said notice of default." At all times mentioned herein, Plaintiff AMI has performed
6  as required and there is no contractual basis for Defendant DOMINION's purported cancellation of the
7  2009 Agreement. As a result of Defendant DOMINION's premature and wrongful cancellation of the
8  2009 Agreement, Plaintiff AMI has lost commissions of at least $134,580.53 and lost bonus earnings
9  of at least $24,375.00.
10      16.    Further, in or about November 2009, Defendant DOMINION obtained its own
11  certification as Certified Marketing Representative and thereafter demanded the transfer of all of
12  Defendant DOMINION's client accounts that had previously been serviced through Plaintiff AMI. In
13  connection with this transfer demand, Defendant DOMINION and Plaintiff AMI discussed the
14  industry standard of Plaintiff AMI charging Defendant DOMINION a transfer fee of 1.5% of the gross
15  annual billings. The parties then agreed that if Defendant DOMINION stayed current on its payables
16  to Plaintiff AMI, Plaintiff AMI would waive this 1.5% transfer fee. In reliance upon this agreement,
17  Plaintiff AMI transferred the requested accounts to Defendant DOMINION. Defendant DOMINION,
18  however, failed to stay current on its payables to Plaintiff AMI. As a result, Defendant DOMINION
19  owes Plaintiff AMI the 1.5% transfer fee for the transfer of accounts, which amounts to $47,486.80.
20
21              **FIRST CAUSE OF ACTION**
22               Breach of Contract
23           (Against All Defendants and Each of Them)
24      17.    Plaintiff, by this reference, incorporates the allegations contained in paragraphs 1
25  through 16 of this Complaint as though set forth in full herein.
26      18.    As alleged above, in approximately June 2006 and June 2009 in Huntington Beach,
27  California, Plaintiff AMI and Defendant DOMINION entered into written agreements, pursuant to
28  which Defendant DOMINION agreed to pay Plaintiff AMI to place advertisements for Defendant

5

COMPLAINT

Ex. A, Page 17

1    DOMINION's clients in various yellow pages directories. Further, pursuant to the 2009 agreement,

2    Defendant DOMINION accepted "full responsibility for payment of all authorized advertising as billed

3    under the terms outlines in this agreement" and agreed to pay all such invoices within ten (10) days of

4    proof of publication. Defendant DOMINION further agreed that late charges of interest at the rate of

5    1.5% per month would accrue 30 days after receipt of proof of publication.

6        19.    Plaintiff AMI has performed all conditions, covenants, and promises required on its part

7    to be performed in accordance with the terms and conditions of the 2009 Agreement. More

8    specifically, in accordance with the terms of the 2009 Agreement, Plaintiff AMI placed advertisements

9    for clients of Defendant DOMINION in various yellow pages directories and did all things reasonable

10   and necessary in connection therewith. For this same period, Plaintiff AMI also issued credits to

11   Defendant DOMINION for its share of commissions and bonus earnings as required by the 2009

12   Agreement. Nevertheless, Defendant DOMINION has a current outstanding balance to Plaintiff AMI

13   in the amount of $599,364.51, which is the amount Defendant DOMINION agreed to pay under the

14   2009 Agreement (i.e., the amount of the advertising charges plus any publisher extension or proration

15   less commissions). Despite repeated demands for payment, Defendant DOMINION has refused to pay

16   this outstanding balance.

17        20.    Additionally, in or about August 2009, Defendant DOMINION purported to cancel its

18   exclusive agreement with Plaintiff AMI and move its business elsewhere effective September 1, 2009.

19   The 2009 Agreement, however, provides for a one-year term through May 31, 2010 and states that

20   "this Agreement cannot be cancelled except for a material breach of the terms and conditions herein

21   after the non-performing party has been served written notice and fails to correct said non-performance

22   within 10 days of said notice of default." At all times mentioned herein, Plaintiff AMI has performed

23   as required under both the 2006 Agreement and the 2009 Agreement with Defendant DOMINION and

24   there is no contractual basis for Defendant DOMINION's cancellation of the 2009 Agreement. As a

25   result of Defendant DOMINION's premature and wrongful cancellation of the 2009 Agreement,

26   Plaintiff AMI has lost commissions of at least $134,580.53 and lost bonus earnings of at least

27   $24,375.00.

28

6

COMPLAINT

21.     In or about November 2009, Defendant DOMINION obtained its own certification as Certified Marketing Representative and thereafter demanded the transfer of all of Defendant DOMINION's client accounts that had previously been serviced through Plaintiff AMI. In connection with this transfer demand, Defendant DOMINION and Plaintiff AMI discussed the industry standard of Plaintiff AMI charging Defendant DOMINION a transfer fee of 1.5% of the gross annual billings. Through a series of emails, the parties then agreed that if Defendant DOMINION stayed current on its payables to Plaintiff AMI, Plaintiff AMI would waive this 1.5% transfer fee. In reliance upon this agreement, Plaintiff AMI transferred the requested accounts to Defendant DOMINION. Defendant DOMINION, however, failed to stay current on its payables to Plaintiff AMI. As a result, Defendant DOMINION owes Plaintiff AMI the 1.5% transfer fee for the transfer of accounts, which amounts to approximately $47,486.80.

22.     As a result of the Defendant DOMINION's breach of the 2009 Agreement and the subsequent agreement regarding the negotiated transfer fee, Plaintiff AMI has suffered damages in an amount in excess of $805,806.84, which includes Defendant DOMINION's outstanding balance of $of $599,364.51, lost commissions to Plaintiff AMI of at least $134,580.53, lost bonus earnings to Plaintiff AMI of at least $24,375.00, and the 1.5% transfer fee of at least $47,486.80.

23.     In addition, Plaintiff AMI has incurred attorney's fees and costs in bringing this action against Defendant DOMINION. The 2009 Agreement expressly provides that the prevailing party in any dispute between the parties shall be entitled to recover its actual attorney's fees and costs.

## SECOND CAUSE OF ACTION

### Common Count for Work, Labor and Services at Agreed Price [Indebitatus Assumpsit]

### (Against All Defendants and Each of Them)

24.     Plaintiff, by this reference, incorporates the allegations contained in paragraphs 1 through 23 of this Complaint as though set forth in full herein.

25.     Between June 2009 and the present, in Huntington Beach, Orange County, California, Defendant DOMINION became indebted to Plaintiff AMI in the amount of $599,364.51 for the placement advertisements for Defendant DOMINION's clients in various yellow pages directories. In

7

COMPLAINT

1    addition, Defendant DOMINION became indebted to Plaintiff AMI for the 1.5% transfer fee for the

2    transfer of accounts, which amounts to $47,486.80.

3           26.    Despite repeated demands for payment, Defendant DOMINION has refused to pay this

4    these amounts.

5           27.    The contract on which this action is based provides that the prevailing party in any

6    dispute between the parties shall be entitled to recover its actual attorney's fees and costs. Plaintiff

7    AMI is therefore entitled to recover its fees and costs in bringing this action.

8

9                                            **PRAYER**

10          WHEREFORE, Plaintiff AMI prays for judgment against Defendants, as follows:

11

12                          **ON THE FIRST CAUSE OF ACTION**

13    1.    For compensatory damages of at least $805,806.84, according to proof;

14    2.    For interest at the contractual and/or legal rate, according to proof;

15    3.    For attorney's fees and costs, including expert witness fees and costs, pursuant to the

16          parties' agreement;

17

18                          **ON THE SECOND CAUSE OF ACTION**

19    1.    For compensatory damages in an amount of at least $646,851.31, according to proof;

20    2.    For interest at the contractual and/or legal rate, according to proof;

21    3.    For attorney's fees and costs, including expert witness fees and costs, pursuant to the

22          parties' agreement;

23

24

25

26

27

28

                                           8

                                                                    COMPLAINT

## ON ALL CAUSES OF ACTION

1.   For such other and further relief as the Court may deem just and proper.

Dated: February 18, 2010

                                        CALLAHAN & BLAINE, APLC

                                        By: _____
                                            Stephen E. Blaine
                                            David M. Darnell
                                        Attorneys for Plaintiff AMI SERVICES, INC.

9

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

Plaintiff AMI hereby demands a trial by jury of all factual issues arising hereunder.

3

4

5    Dated: February 18, 2010                CALLAHAN & BLAINE, APLC

6

7                                            By: _____

8                                               Stephen E. Blaine
                                                David J. Darnell
9                                            Attorneys for Plaintiff AMI SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23   G:\9132\9132-06\Pleadings\Complaint.wpd

24

25

26

27

28

10                                                         COMPLAINT

1  TROUTMAN SANDERS LLP
   Kevin F. Kieffer, Bar No. 192193
2  5 Park Plaza, Suite 1400
   Irvine, CA 92614-2545
3  Telephone:    949.622.2700
   Facsimile:    949.622.2739
4
   Attorneys for Defendant
5  *Dominion Advertising, LLC*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 19 2010

ALAN CARLSON, Clerk of the Court

BY:_____I. YU_____,DEPUTY

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9           COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  AMI SERVICES, INC., doing business as     Case No. 30-2010 00345605
    Yellow Pages Direct, a California
12  corporation,                              Assigned For All Purposes To:
                                              Honorable Gregory Munoz
13                    Plaintiffs,             Department C13

14  v.

15  DOMINION ADVERTISING, LLC, a              **ANSWER TO COMPLAINT FOR:**
    Virginia limited liability company; and
16  DOES 1 through 15, inclusive,             **1.  BREACH OF CONTRACT; AND**
                                              **2.  COMMON COUNT**
17                    Defendants.
                                              **Unlimited Jurisdiction**
18

19

20

21

22

23

24

25

26

27

28  1034332v2

1    Defendant Dominion Advertising, LLC ("Defendant"), by and through its counsel,

2    answers the Complaint filed by Plaintiff AMI Services, Inc. ("Plaintiff") as follows:

3        1.    Pursuant to Code of Civil Procedure § 431.30(d), Defendant denies, generally and

4    specifically, each and every allegation contained in the Complaint, and the whole thereof, and

5    denies that Plaintiff has or will sustain damages in any sum alleged, or in any other sum, or at all,

6    and denies that Plaintiff is entitled to any of the relief requested, by reason of any alleged act,

7    breach or omission on the part of Defendant, or any agent or employee of Defendant.

8

9        As for its affirmative defenses, Defendant alleges as follows:

10                           **FIRST AFFIRMATIVE DEFENSE**

11       2.    The Complaint fails to state a claim for which relief can be granted.  Accordingly,

12   Plaintiff is barred from any recovery in this action.

13

14                         **SECOND AFFIRMATIVE DEFENSE**

15       3.    Plaintiff's causes of action are barred, in whole or in part, on the ground that

16   Plaintiff has not suffered any damages as a result of any actions by Defendant.

17

18                           **THIRD AFFIRMATIVE DEFENSE**

19       4.    Plaintiff's causes of action are barred, in whole or in part, because Defendant is

20   not the proper party to the Complaint.

21

22                         **FOURTH AFFIRMATIVE DEFENSE**

23       5.    Plaintiff's causes of action are barred, in whole or in part, because Plaintiff has not

24   substantially performed, nor has Plaintiff been excused from performing, all of Plaintiff's

25   obligations under the contract.

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1034332v2

- 1 -

TROUTMAN SANDERS LLP<br>5 PARK PLAZA<br>SUITE 1400<br>IRVINE, CA 92614-2545

1

## FIFTH AFFIRMATIVE DEFENSE

2    6.    Plaintiff's causes of action are barred, in whole or in part, because contract

3 requires Plaintiff to provide Defendant with an accounting, which Plaintiff has refused to do,

4 before any sums would be due Plaintiff.

5

6

## SIXTH AFFIRMATIVE DEFENSE

7    7.    Plaintiff's causes of action are barred, in whole or in part, by Plaintiff's own

8 actions or the actions of third parties, including but not limited to Plaintiff, and its agents,

9 members, owners, and employees, that contributed to or were the sole cause of damages Plaintiff

10 alleges to have suffered, if there were any damages.

11

12

## SEVENTH AFFIRMATIVE DEFENSE

13    8.    Plaintiff's causes of action are barred, in whole or in part, because Defendant owed

14 no legal duties to Plaintiff, and to the extent duties were owed, Plaintiff failed to bring the

15 requisite action within the applicable statute of limitations.

16

17

## EIGHTH AFFIRMATIVE DEFENSE

18    9.    Plaintiff's causes of action are barred, in whole or in part, because without

19 admitting to the existence of any duties or obligations alleged in the Complaint, any duties or

20 obligations which Plaintiff claims are owed by Defendant, have been fully performed, satisfied,

21 discharged or excused.

22

23

## NINTH AFFIRMATIVE DEFENSE

24    10.    Plaintiff's claims may be barred or diminished by Defendant's rights of set-off,

25 recoupment, and restitution.

26

27

28   1034332v2

ANSWER TO COMPLAINT                    Ex. A, Page 25

1

**TENTH AFFIRMATIVE DEFENSE**

2         11.    Plaintiff's causes of action are barred, in whole or in part, due to lack of privity

3  with Defendant.

4

5

**ELEVENTH AFFIRMATIVE DEFENSE**

6         12.    Plaintiff's causes of action are barred, in whole or in part, by the doctrines of

7  estoppel and/or waiver.

8

9

**TWELFTH AFFIRMATIVE DEFENSE**

10         13.    Plaintiff's causes of action are barred, in whole or in part, by the statute of frauds

11  and the parole evidence rule.

12

13

**THIRTEENTH AFFIRMATIVE DEFENSE**

14         14.    Plaintiff's causes of action are barred, in whole or in part, by the doctrine of

15  laches.

16

17

**FOURTEENTH AFFIRMATIVE DEFENSE**

18         15.    Plaintiff's causes of action are barred, in whole or in part, by the doctrine of

19  unclean hands.

20

21

**FIFTEENTH AFFIRMATIVE DEFENSE**

22         16.    Plaintiff's causes of action that are based on contract are barred, in whole or in

23  part, as a result of Plaintiff's failure to satisfy conditions precedent to the contract or to

24  contractual obligations.

25

26

27

28

1034332v2

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2           17.    Plaintiff's causes of action are barred, in whole or in part, because any duty or

3 performance of Defendant was excused by reason of failure of consideration, waiver, breach of

4 condition precedent, and breach by Plaintiff.

5

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

7           18.    Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's

8 damages, if any, were caused by parties other than Defendant and not within the control of

9 Defendant.

10

11

## EIGHTEENTH AFFIRMATIVE DEFENSE

12           19.    Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed

13 to mitigate its damages, if any.

14

15

## NINETEENTH AFFIRMATIVE DEFENSE

16           20.    Plaintiff is not entitled to any equitable relief because there is an adequate remedy

17 at law.

18

19

## TWENTIETH AFFIRMATIVE DEFENSE

20           21.    Defendant presently has insufficient knowledge and information upon which to

21 form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

22 Defendant reserves its rights to assert additional affirmative defenses in the event discovery or

23 investigation indicates it would be appropriate.

24

25         WHEREFORE, Defendant prays as follows:

26     1.    That Plaintiff take nothing by way of their Complaint;

27     2.    For Defendant's costs of suit;

28

1034332v2

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 4 -

1    3.    For Defendant's attorneys' fees; and

2    4.    For such other and further relief as the Court deems just and proper.

3    Dated:  March 19, 2010                          Respectfully submitted,

4                                                    TROUTMAN SANDERS LLP

5

6                                                    By:_____

7                                                        Kevin F. Kieffer

8                                                    Attorneys for Defendant
                                                     *Dominion Advertising, LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    1034332v2

- 5 -

ANSWER TO COMPLAINT                              Ex. A, Page 28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1

## PROOF OF SERVICE

*AMI Services, Inc. v. Dominion Advertising, LLC, et al.*

2
Orange County Superior Court Case No. 30-2010 00345605

3
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

4
    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine,

5
California  92614-2545.

6
    On March 19, 2010, I served the following document(s) described as:

7
**ANSWER TO COMPLAINT FOR: 1. BREACH OF CONTRACT;**
**AND 2. COMMON COUNT**

8

9
☐  **BY FACSIMILE TRANSMISSION (C.C.P. § 1013(e)):** As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at

10
the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the

11
service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile

12
telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile

13
telephone number to which the notice of other paper was transmitted to the addressee(s).

14

15
☒  **BY MAIL:** As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be

16
deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on

17
motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in

18
affidavit.

On the interested parties in this action by placing a true and correct copy thereof enclosed in

19
sealed envelopes addressed as follows:

20
**SEE ATTACHED SERVICE LIST**

21
    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23
    Executed on March 19, 2010, at Irvine, California.

24

25
Tanya Nguyen

26

27

28

1034426v1                          - 1 -

Ex. A, Page 29

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

1

## SERVICE LIST

2   Stephen E. Blaine                    *Attorneys for Plaintiff*
    David J. Darnell                     *AMI Services, Inc.*
3   Callahan & Blaine, APLC
    3 Hutton Centre Drive
4   Ninth Floor
    Santa Ana, CA 92707
5   Tel.: (714) 241-4444
    Fax: (714) 241-4445
6   Email: sblaine@callahan-law.com
    Email: ddarnell@callahan-law.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

I034426v1

- 2 -

Ex. A, Page 30

1   TROUTMAN SANDERS LLP
    Kevin F. Kieffer, Bar No. 192193
2   5 Park Plaza, Suite 1400
    Irvine, CA 92614-2545
3   Telephone:    949.622.2700
    Facsimile:    949.622.2739
4
    Attorneys for Defendant and Cross-Complainant
5   *Dominion Advertising, LLC*
6
7
8               SUPERIOR COURT OF CALIFORNIA
9         COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
10

| | |
|---|---|
| 11  AMI SERVICES, INC., doing business as Yellow Pages Direct, a California 12  corporation, | Case No. 30-2010 00345605 |
| 13                Plaintiffs, | Assigned For All Purposes To: Honorable Gregory Munoz Department C13 |
| 14  v. | |
| 15  DOMINION ADVERTISING, LLC, a Virginia limited liability company; and 16  DOES 1 through 15, inclusive, | **DOMINION ADVERTISING, LLC'S CROSS-COMPLAINT** |
| 17                Defendants. | |

19  DOMINION ADVERTISING, LLC, a
    Virginia limited liability company,
20
                  Cross-Complainant,
21
22         v.

23  AMI SERVICES, INC., doing business as
    Yellow Pages Direct, a California
    corporation,
24
                  Cross-Defendant.
25
26
27
28

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 19 2010

ALAN CARLSON, Clerk of the Court

BY:_____I. YU_____,DEPUTY